■ In the Matter of RODNEY REID, Respondent, v ROCHDALE VILLAGE, INC., et al., Appellants. [25 NYS3d 682]—In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Directors of Rochdale Village, Inc., dated September 2, 2014, and action for a judgment declaring that the petitioner/plaintiff is eligible for election as a director to the Board of Directors of Rochdale Village, Inc., Rochdale Village, Inc., and the Board of Directors of Rochdale Village, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered December 3, 2014, as determined that they failed to properly respond to the petition/complaint and, thereupon, declared that the petitioner/plaintiff is eligible for election as a director to the Board of Directors of Rochdale Village, Inc.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Rochdale Village, Inc. (hereinafter Rochdale), is a limited-profit housing corporation incorporated under the Limited-Profit Housing Companies Law, and owns and operates a

cooperative development in Queens (hereinafter the cooperative). The petitioner/plaintiff, Rodney Reid, is a stockholder in Rochdale and a resident of the cooperative. Reid commenced this hybrid proceeding and action against Rochdale and the Board of Directors of Rochdale Village, Inc. (hereinafter the Board; Rochdale and the Board hereinafter together the appellants), following the Board's denial of his candidacy for election as a director of the Board in its October 2014 election. The pleadings alleged that the appellants' determination prohibiting Reid from running for election to the Board in the October 2014 election was arbitrary and capricious and an abuse of discretion. In addition to CPLR article 78 relief, Reid filed an order to show cause seeking, among other things, a judgment declaring that he is "eligible to be elected as a director" of Rochdale. In opposition, the appellants submitted an affirmation of its general counsel, William Greenspan.

By judgment entered December 3, 2014, the Supreme Court determined that all of Reid's claims pursuant to CPLR article 78 regarding the October 2014 election were "moot" because the election had passed. The court therefore, in effect, dismissed the claims seeking CPLR article 78 relief, leaving only Reid's cause of action for declaratory relief, which was not limited to the October 2014 election, for consideration. The court then determined that Greenspan was a party to this proceeding/action and that his affirmation could not be considered as a proper response to the petition/complaint pursuant to CPLR 2106 (a). Upon its determination that the appellants failed to properly respond to the petition/complaint, the Supreme Court summarily ruled in favor of Reid on his cause of action for declaratory relief, and declared that Reid was eligible for election to the Board. This appeal ensued.

Under the circumstances presented here, the Supreme Court erred in determining that Greenspan was a party to the proceeding/action and in rejecting the appellants' submissions on that basis (*see Misicki v Caradonna*, 12 NY3d 511, 519 [2009]; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 54 [2014]). No evidence was presented showing that Greenspan was a member or shareholder of Rochdale, or even a resident of the cooperative.

Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Queens County, for further proceedings on Reid's order to show cause insofar as it seeks a judgment declaring that he is eligible to be elected as a director of Rochdale, and for a new determination thereafter, upon due consideration of the appellants' submissions.

The appellants' remaining contention is not properly before this Court. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.