Warton Supplies, Inc. v GEICO (Gov Empls.) (2021 NY Slip Op 51253(U))

[*1]

Warton Supplies, Inc. v GEICO (Gov Empls.)

2021 NY Slip Op 51253(U) [73 Misc 3d 146(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-859 K C

Warton Supplies, Inc., as Assignee of Jean
Louis, Appellant, 
against
GEICO (Gov Employees), Respondent. 

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered May 13, 2019. The order granted defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff failed to appear for duly scheduled
examinations under oath (EUOs).
Contrary to plaintiff's contention, the proof submitted by defendant in support of its motion
was sufficient to give rise to a presumption that the EUO scheduling letters and the denial of
claim forms had been timely mailed (see
St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123
[2008]). To the extent plaintiff also asserts that, pursuant to CPLR 2106 (a), the affirmation
submitted by defendant to establish that plaintiff had failed to appear for the EUOs was not
admissible since the attorney was employed by a law firm as "staff counsel" to defendant, such an
argument lacks merit (see Matter of
Reid v Rochdale Vil., Inc., 137 AD3d 797 [2016]; Throgs Neck Multicare, P.C. v Mercury Cas. Co., 52 Misc 3d
138[A], 2016 NY Slip Op 51081[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2016]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021