First Class Medical, P.C., as Assignee of Zaleena Moulah, Respondent, 
against
Ameriprise Insurance Company, Appellant.




Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for appellant.
Gabriel & Shapiro, LLC (Max Valerio of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (James F. Matthews, J.), dated August 28, 2017. The order, insofar as appealed from as limited by the brief, denied the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon 17 of 21 claims set forth therein, other than those in the amounts of $148.69, $188.16, $54.74 and $138.72, and granted plaintiff's cross motion for summary judgment upon the entire complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon 17 of 21 claims set forth therein, other than those in the amounts of $148.69, $188.16, $54.74 and $138.72, are granted, and the branches of plaintiff's cross motion seeking summary judgment upon so much of the complaint as sought to recover upon those 17 claims are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals, as limited by its brief, from so much of an order of the District Court as denied the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon 17 of 21 claims set forth therein, other than those in the amounts of $148.69, $188.16, $54.74 and $138.72, and granted plaintiff's cross motion for summary judgment upon the entire complaint. The District Court determined that letters scheduling examinations under oath (EUOs) of plaintiff were defective because they did not specify the claims to which the letters pertained.
Defendant established that the EUO scheduling letters had been properly mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Contrary to [*2]the finding by the District Court, the EUO scheduling letters were not "defective." We note that the initial EUO scheduling letter identified the assignor, the date of the accident and defendant's file number. The initial EUO scheduling letter resulted in a toll of defendant's time to pay or deny plaintiff's claims as to each claim form which had been submitted by the same plaintiff for the same assignor and accident prior to the EUO request, as long as the request had been timely with respect to such claim, and to any claim form received subsequent to that request, but before plaintiff breached a policy condition by failing to appear for two properly scheduled EUOs (see ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Tsatskis v State Farm Fire & Cas. Co., 36 Misc 3d 129[A], 2012 NY Slip Op 51268[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Defendant further established that plaintiff had failed to appear for the duly scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]) and that defendant had timely mailed (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123) its denial of claim forms denying the claims on that ground. In opposition, plaintiff failed to raise a triable issue of fact. However, defendant concedes that it failed to timely request EUOs for claims in the amounts of $148.69, $188.16, $54.74 and $138.72 and offers no basis to disturb so much of the order as granted plaintiff summary judgment on those claims.
Defendant, if it be so advised, may move in the District Court to resettle the order of the District Court to correct the error regarding defendant's name in the caption therein.
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon 17 of 21 claims set forth therein, other than those in the amounts of $148.69, $188.16, $54.74 and $138.72, are granted, and the branches of plaintiff's cross motion seeking summary judgment upon so much of the complaint as sought to recover upon those 17 claims are denied.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 28, 2019