Acupuncture Now, P.C., as Assignee of England Andre, Respondent, 
against
Travelers Insurance Company, Appellant. 




Law Office of Aloy O. Ibuzor (Gini Spiteri of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (John J. Kelley, J.), dated November 18, 2016, deemed from a judgment of that court entered January 3, 2017 (see CPLR 5501 [c]). The judgment, entered pursuant to the November 18, 2016 order denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $2,626.86.




ORDERED that the judgment is reversed, without costs, so much of the order dated November 18, 2016 as denied the branch of defendant's motion seeking summary judgment dismissing the third cause of action and granted plaintiff's cross motion for summary judgment is vacated, that branch of defendant's motion is granted, and plaintiff's cross motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court denying defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) and granting plaintiff's cross motion for summary judgment.
Contrary to defendant's contention, to the extent its follow-up requests for verification upon the claims underlying the first and second causes of action also stated that an EUO of plaintiff was needed, the letters were actually delay letters because the letters do not specify the time and place the EUOs would take place (see e.g. A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 10 Misc 3d 50 [*2][App Term, 2d Dept, 2d & 11th Jud Dists 2005]). As a result, defendant failed to establish that it had issued timely EUO notices with respect to the claims underlying the first and second causes of action. 
As to the third cause of action, however, defendant established that proper EUO scheduling letters had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), that defendant's time to pay or deny this claim was tolled (see ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), that plaintiff's assignor had failed to appear for the scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]) and that the claim was timely denied on that ground (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). Consequently, the branch of defendant's motion seeking summary judgment dismissing the third cause of action should have been granted.
Plaintiff's cross motion for summary judgment should have been denied as the proof submitted by plaintiff failed to establish that the claims underlying the first and second causes of action had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment is reversed, so much of the order dated November 18, 2016 as denied the branch of defendant's motion seeking summary judgment dismissing the third cause of action and granted plaintiff's cross motion for summary judgment is vacated, that branch of defendant's motion is granted, and plaintiff's cross motion is denied. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019