Sunrise Acupuncture, P.C., as Assignee of Ian Jones, Appellant, 
against
Hertz Claim Management Corp., Respondent. 




Gary Tsirelman, P.C. (Darya Klein of counsel), for appellant.
Robyn M. Brilliant, P.C. (Robyn M. Brilliant and Barry Montrose of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Andrew Borrok, J.), entered May 23, 2017. The order, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on a claim in the sum of $235 for services provided on July 26, 2010 is denied; as so modified, the order is affirmed, without costs.
Insofar as is relevant to the appeal, in this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to submit the claims at issue within 45 days of the date that the services set forth therein had been provided. The affidavit of defendant's claims adjuster established that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) its denial of claim forms, which denied the claims on the ground that they had been submitted more than 45 days after those services had been rendered (see 11 NYCRR 65-2.4 [c]). Furthermore, defendant's denial of claim forms advised plaintiff that late notice would be excused if reasonable justification for the failure to give timely notice was provided (id.). We note that defendant concedes on appeal that plaintiff timely submitted a claim seeking the sum of $235 for services provided on July 26, 2010. Defendant established its prima facie entitlement to judgment as a matter of law upon the remaining claims (see Karina K. Acupuncture, P.C. v Hertz Claim Mgt. Corp., 61 Misc 3d 150[A], 2018 NY Slip Op 51762[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]), shifting the burden to plaintiff to demonstrate a triable issue of fact. As plaintiff opposed the motion with an affirmation by its [*2]counsel, who did not assert that she possessed personal knowledge of the facts, plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on the claim in the sum of $235 for services provided on July 26, 2010 is denied. 
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2019