Body Acupuncture Care, P.C., as Assignee of Joey Hermans, Respondent,
against
Erie Insurance Company of New York, Appellant. 




Robyn M. Brilliant, P.C. (Robyn M. Brilliant of counsel), for appellant.
Law Office of Marina Josovich, P.C. (Rachel Berzin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered November 15, 2017, deemed from a judgment of that court entered February 8, 2018 (see CPLR 5501 [c]). The judgment, entered pursuant to the November 15, 2017 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $732.58.




ORDERED that the judgment is reversed, with $30 costs, the order entered November 15, 2017 is vacated, plaintiff's motion for summary judgment is denied, and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled independent medical examinations (IMEs). By order entered November 15, 2017, the Civil Court granted plaintiff's motion and denied defendant's cross motion. This appeal by defendant ensued. A judgment was subsequently entered on February 8, 2018, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
In its cross motion, defendant established that initial and follow-up letters scheduling an IME had been timely mailed to the address set forth on the assignor's sworn application for no-f[*2]ault benefits (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]); that plaintiff's assignor had failed to appear on either date (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]); and that the claims had been timely denied on that ground (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). Plaintiff failed to raise a triable issue of fact in opposition to defendant's motion. Consequently, defendant's cross motion should have been granted and plaintiff's motion should have been denied.
Accordingly, the judgment is reversed, the order entered November 15, 2017 is vacated, plaintiff's motion for summary judgment is denied, and defendant's cross motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 18, 2019