■ St. Vincent's Hospital of Richmond, Appellant, v Government Employees Insurance Company, Respondent. [857 NYS2d 210]—

In an action to recover no-fault medical payments, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated July 25, 2007, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law. It submitted evidentiary proof that the prescribed statutory billing forms were mailed and received, that payment of no-fault benefits was overdue (*see Nyack Hosp.*

*v Metropolitan Prop. & Cas. Ins. Co.,* 16 AD3d 564 [2005]), and that the denial of claim form it received from the defendant, dated June 25, 2006, was fatally insufficient in that it failed to include the information called for in the prescribed denial of claim form (*see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.,* 16 AD3d 564 [2005]; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 226 AD2d 613 [1996]; *cf. Westchester Med. Ctr. v Allstate Ins. Co.,* 45 AD3d 579 [2007]). However, in opposition, the defendant submitted admissible evidence in the form of an affidavit of an employee with knowledge of the defendant's standard office practices or procedures designed to ensure that items were properly addressed and mailed (*see New York & Presbyt. Hosp. v Allstate Ins. Co.,* 29 AD3d 547 [2006]; *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.,* 284 AD2d 374 [2001]; *Residential Holding Corp. v Scottsdale Ins. Co.,* 286 AD2d 679 [2001]; *Delta Diagnostic Radiology, P.C. v Chubb Group of Ins.,* 17 Misc 3d 16 [2007]; *cf. Westchester Med. Ctr. v Countrywide Ins. Co.,* 45 AD3d 676 [2007]). The employee attested that a denial of claim form dated June 22, 2006, containing all the information called for in the prescribed form was timely issued to the plaintiff on that date. Thus, the defendant raised a triable issue of fact as to whether it issued a proper denial of claim form.

Contrary to the plaintiff's further contention, the excerpts of the insured's medical records submitted by the defendant in opposition to its motion constituted admissible evidence sufficient to raise a triable issue of fact as to whether the defendant was entitled to deny the claim (*see* CPLR 4518 [c]; *Maxcy v County of Putnam,* 178 AD2d 729 [1991]). Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.