Alleviation Medical Services, P.C. as Assignee of OLGA MAYERSDORF, Appellant, 
against
A Central Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered February 22, 2013. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff correctly argues on appeal that defendant's moving papers failed to establish as a matter of law that the letters scheduling the independent medical examinations (IMEs) of plaintiff's assignor had been timely and properly mailed to the assignor (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Consequently, defendant failed to demonstrate that the IMEs had been properly scheduled and, thus, that it is entitled to summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to comply with a condition precedent to an insurer's liability on a policy (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Although defendant attempted, in its reply papers, to cure the defect, the affirmation of defendant's counsel was insufficient to do so since counsel lacked personal knowledge. In any event, defendant could not establish its entitlement to judgment by submitting, as part of its reply papers, sufficient evidence in admissible form to cure defects in its moving papers (see North Acupuncture, P.C. v State Farm Ins. Co., 14 Misc 3d 130[A], 2006 NY Slip Op 52523[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 17, 2016