Vladenn Medical Supply Corp., as Assignee of SONIE JEANTY, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered October 3, 2013. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint. The Civil Court found that defendant had timely and properly denied the claims at issue on the ground that plaintiff had failed to comply with a condition precedent to coverage, in that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs). On appeal, plaintiff argues that defendant failed to prove that it had mailed its EUO scheduling letters and denial of claim forms, or that plaintiff had failed to appear for the EUOs; that defendant lacked justification for its EUO requests; that defendant's motion should have been denied pursuant to CPLR 3212 (f), as plaintiff had not received discovery regarding the reasonableness of defendant's EUO requests; and that defendant failed to prove that plaintiff had willfully obstructed defendant's investigation.
Contrary to plaintiff's arguments, the affidavits submitted by defendant established that the EUO scheduling letters and the denial of claim forms had been timely mailed in accordance with defendant's standard office practices and procedures (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In addition, the affirmation submitted by defendant's attorney, who was present in his office to conduct the EUO of plaintiff on the scheduled dates, was sufficient to establish that plaintiff had failed to appear.
With respect to plaintiff's contention that defendant failed to demonstrate justification for its EUO requests, in a similar case involving the failure of a provider's assignor to appear for EUOs, the Appellate Division, Second Department, has held that, to establish its prima facie entitlement to summary judgment dismissing the complaint on the ground that a provider's assignor failed to appear for an EUO, an insurer need only establish "as a matter of law that it twice duly demanded an [EUO] from the [provider's] assignor, who had allegedly been injured in a motor vehicle accident, that the assignor twice failed to appear, and that the [insurer] issued a [*2]timely denial of the claims arising from the [provider's] treatment of the assignor" (Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]). A review of the record in Interboro Ins. Co. v Clennon reveals that, in that case, the provider argued, as does plaintiff herein, that the insurer's motion should have been denied pursuant to CPLR 3212 (f), as the provider had not received discovery regarding the reasonableness of defendant's EUO requests, and that, even if there had been a failure to appear for two duly scheduled EUOs, the insurer had to show that the failure to appear constituted willful obstruction of the insurer's investigation. In finding for the insurer, the Appellate Division, Second Department, stated the following:

 "the [providers] failed to establish that summary judgment was premature in light of outstanding discovery. A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or [that] the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant' (Cajas-Romero v Ward, 106 AD3d 850, 852 [2013]; see CPLR 3212 [f]). Here, in support of their contention that the [insurer's] motion was premature, the [providers] did not establish what information they hoped to discover that would demonstrate the existence of a triable issue of fact" (113 AD3d at 597).

Similarly, in the instant case, plaintiff "did not establish what information [it] hoped to discover that would demonstrate the existence of a triable issue of fact" (id.; cf. American Tr. Ins. Co. v Jaga Med. Servs., P.C., 128 AD3d 441 [2015]).

Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 06, 2016