Ultimate Health Products, Inc., as Assignee of HENRIETTA NOICELY, Appellant,
against
Allstate Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Wavny Toussaint, J.), entered September 5, 2013. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and, upon denying defendant's cross motion for summary judgment dismissing the complaint, made, in effect, a CPLR 3212 (g) finding in defendant's favor.




ORDERED that the order, insofar as appealed from, is modified by providing that the CPLR 3212 (g) finding in defendant's favor is vacated; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that the action was premature due to plaintiff's failure to provide requested verification. Insofar as is relevant to this appeal, the Civil Court denied plaintiff's motion and, upon denying defendant's cross motion, made, in effect, a CPLR 3212 (g) finding in defendant's favor, and held that the only remaining issue for trial was whether plaintiff had complied with defendant's requests for verification.
Plaintiff correctly contends that defendant's cross-moving papers failed to establish, as a matter of law, that the letters requesting verification had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Consequently, the Civil Court's finding that defendant had established the timely mailing of the verification requests is vacated. However, contrary to plaintiff's contention, plaintiff is not entitled to summary judgment, since the record does not establish, as a matter of law, that the verification requests were untimely or, if they were timely, that defendant received the requested verification and that defendant's time to pay or deny the claim had expired.
Accordingly, the order, insofar as appealed from, is modified by providing that the CPLR 3212 (g) finding in defendant's favor is vacated.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 19, 2016