Alleviation Medical Services, P.C., as Assignee of Jean Crevecouer, Respondent, 
against
Hertz Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered December 5, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that defendant had not received written notice of the accident within 30 days of its occurrence (see 11 NYCRR 65-2.4). By order entered December 5, 2014, the Civil Court denied defendant's motion.
The affidavit of defendant's claims adjuster established that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) its denial of claim form, which denied plaintiff's claim on the ground that written notice of the accident had not been submitted to defendant within 30 days of its occurrence (see 11 NYCRR 65-2.4 [b]). The denial of claim form further advised plaintiff that late notice would be excused if reasonable justification for the failure to give timely notice was provided (see 11 NYCRR 65-2.4 [b]). As defendant established its prima facie entitlement to judgment as a matter of law (see TAM Med. Supply Corp. v Fiduciary Ins. Co. of Am., 53 Misc 3d 129[A], 2016 NY Slip Op 51352[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Ukon Med. Care, P.C. v Clarendon Natl. Ins. Co., 37 Misc 3d 136[A], 2012 NY Slip Op 52176[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Jamaica Med. Supply, Inc. v NY City Tr. Auth., 36 Misc 3d 150[A], 2012 NY Slip Op 51660[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see also Medical Careworks, P.C. v American Tr. Ins. Co., 36 Misc 3d 130[A], 2012 NY Slip Op 51281[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), the burden shifted to plaintiff to demonstrate a triable issue of fact.
In opposition, plaintiff did not proffer any proof, but merely speculated, in an affirmation of counsel, that defendant might have learned of the accident in another timely manner prior to its receipt of the untimely written notice. In support of its opposition, plaintiff cited 11 NYCRR 65-3.4 (a) but failed to demonstrate how this regulation would warrant a different result. Furthermore, despite plaintiff's having been informed, in the denial of claim form, that it could provide reasonable justification for its failure to provide timely written notice (see 11 NYCRR [*2]65-2.4 [b]), plaintiff did not present any evidence that it had availed itself of the opportunity to do so.
Plaintiff argues that its NF-3 form, which was for services rendered on September 15, 2011, and which defendant admitted to having received on October 5, 2011, constituted timely written notice of the July 31, 2011 accident at issue. However, since plaintiff's NF-3 form was not submitted within the 30-day time period following the accident, it was untimely in any event, and we need not pass upon the question of whether the submission of an NF-3 form is sufficient to satisfy the 30-day written notice requirement of 11 NYCRR 65-2.4 (b).
In light of the foregoing, plaintiff failed to demonstrate the existence of a triable issue of fact (see TAM Med. Supply Corp. v Fiduciary Ins. Co. of Am., 53 Misc 3d 129[A], 2016 NY Slip Op 51352[U]; Ukon Med. Care, P.C. v Clarendon Natl. Ins. Co., 37 Misc 3d 136[A], 2012 NY Slip Op 52176[U]; Jamaica Med. Supply, Inc. v NY City Tr. Auth., 36 Misc 3d 150[A], 2012 NY Slip Op 51660[U]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: January 06, 2017