LMS Acupuncture, P.C., as Assignee of Urena, Thomas, Appellant, 
against
Titan Insurance Co., Respondent.




The Rybak Firm, PLLC (Damien J. Toell, Esq.), for appellant.
Epstien, Gialleonardo, Harms & McDonald (Athena T. Buchanan, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered March 21, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the first through third causes of action are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs).
Plaintiff correctly argues on appeal that defendant failed to demonstrate that it was entitled to summary judgment dismissing the first through third causes of action, as the EUO requests at issue had been sent more than 30 days after defendant had received the claims underlying those causes of action, and, therefore, the requests were nullities with respect to those claims (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, the branches of defendant's motion seeking summary judgment dismissing those causes of action should have been denied.
However, contrary to plaintiff's arguments, defendant did establish that it had timely mailed the initial and follow-up EUO scheduling letters and denials of the claims underlying the [*2]fourth through sixth causes of action (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; see also 11 NYCRR 65-3.8 [l]). Consequently, we leave undisturbed so much of the order as granted the branches of defendant's motion seeking summary judgment dismissing those causes of action.
Plaintiff's remaining arguments lack merit.
Accordingly, the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing the first through third causes of action are denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 22, 2017