Charles Deng Acupuncture, P.C., as Assignee of Robinson, Anthony, Appellant,
against
Citiwide Auto Leasing, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Miller, Leiby & Associates, P.C. (Stacia Ury, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 29, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted the branches of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the second through fourth causes of action.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the grounds that the claims underlying the first through third causes of action had been untimely submitted (see 11 NYCRR § 65-1.1) and that, as to the second through fourth causes of action, plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). Plaintiff appeals from so much of an order of the Civil Court as denied plaintiff's motion and granted the branches of defendant's cross motion seeking summary judgment dismissing the second through fourth causes of action.[FN1]


Contrary to plaintiff's argument, the proof submitted in support of defendant's motion was [*2]sufficient to establish, prima facie, when it had received the claims underlying the first through third causes of action. Contrary to plaintiff's further argument, plaintiff failed to raise a triable issue of fact as to whether it had timely submitted those claims, as the affidavit by plaintiff's principal does not state that the claims had been sent to defendant. Thus, plaintiff has not established a basis to disturb the Civil Court's denial of the branch of plaintiff's motion seeking summary judgment on the first cause of action and its granting of the branches of defendant's cross motion seeking summary judgment dismissing the second and third causes of action.

Contrary to plaintiff's remaining argument as to the defense based upon the assignor's failure to appear for IMEs, the proof submitted by defendant was sufficient to establish proper mailing of the IME scheduling letters (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Thus, plaintiff has failed to demonstrate any basis to disturb the Civil Court's granting of the branch of defendant's cross motion seeking summary judgment dismissing the fourth cause of action.

Accordingly, the order, insofar as appealed from, is affirmed.

PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: October 20, 2017



Footnotes

Footnote 1:We note that plaintiff argues on appeal that the branch of defendant's cross motion seeking summary judgment dismissing the first cause of action should not have been granted. However, the court did not grant that branch of defendant's cross motion, but instead denied both parties summary judgment as to that cause of action, finding triable issues of fact.