Active Care Medical Supply Corp., as Assignee of Mercado Manuel, Appellant,
against
Tri State Consumers Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Thomas Torto, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered June 19, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing the first cause of action is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the grounds that the first cause of action was premature due to plaintiff's failure to provide verification and that plaintiff had submitted the claim underlying the second cause of action more than 45 days after the medical supplies at issue had been furnished. By order entered June 19, 2014, the Civil Court granted defendant's motion.
Contrary to plaintiff's contentions, defendant's proof with respect to the claim underlying the first cause of action was sufficient to demonstrate, prima facie, that defendant had properly [*2]mailed the initial and follow-up verification requests (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), that it had not received the requested verification, and, thus, that the cause of action is premature (see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2005]). However, as plaintiff further argues, the affidavit submitted by plaintiff's employee in opposition to defendant's motion, was sufficient to give rise to a presumption that the requested verification had been mailed to, and received by, defendant (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). In light of the foregoing, there is a triable issue of fact as to whether the first cause of action is premature (see Compas Med., P.C. v Praetorian Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Contrary to plaintiff's additional contention, the record establishes that the claim underlying the second cause of action had been untimely submitted(see 11 NYCRR § 65-1.1) and that defendant had timely denied the claim on that ground (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). In opposition, plaintiff failed to raise a triable issue of fact with respect thereto.
Accordingly, the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing the first cause of action is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017