Charles Deng Acupuncture, P.C., as Assignee of Barthelemy, Darnell, Appellant,
against
Citiwide Auto Leasing, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Karina Barska of counsel), for appellant.
Miller, Leiby & Associates, P.C. (Stacia Ury, Evan Mizrahi of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 29, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that defendant had timely and properly denied the bill at issue based upon late notice of the accident (see 11 NYCRR 65-2.4 [a], [b]). Plaintiff appeals from an order of the Civil Court which denied plaintiff's motion and granted defendant's cross motion.
The affidavit of defendant's claims adjuster established that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) its denial of claim form, which denied plaintiff's claim on the ground that sufficient written notice of the accident had not been submitted to defendant within 30 days of its occurrence (see 11 NYCRR 65-2.4 [a], [b]). The denial of claim form further advised plaintiff that late notice would be excused if reasonable justification for the failure to give timely notice was provided (see 11 NYCRR 65-2.4 [b]). As defendant established its prima facie entitlement to judgment as a matter of law (see TAM Med. Supply Corp. v Fiduciary Ins. Co. of Am., 53 Misc 3d 129[A], 2016 NY Slip Op 51352[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Ukon Med. Care, P.C. v Clarendon Natl. Ins. Co., 37 Misc 3d 136[A], 2012 NY Slip Op 52176[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Jamaica Med. Supply, Inc. v NY City Tr. Auth., 36 Misc 3d 150[A], 2012 NY Slip Op 51660[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see also Medical Careworks, P.C. v American Tr. Ins. Co., 36 Misc 3d 130[A], 2012 NY Slip Op 51281[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), the burden shifted to plaintiff to [*2]demonstrate a triable issue of fact. Plaintiff's contention that the police accident report received by defendant was sufficient to constitute notice of the accident lacks merit as, even if the police report had been received by defendant within 30 days of the accident, it indicated that there were no injuries and, as a result, it did not identify an eligible injured person (see 11 NYCRR 65-2.4 [b]; cf. 11 NYCRR 65-3.3 [c]).
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018