Karina K. Acupuncture, P.C., as Assignee of Mochelle'le Forbes, Respondent,
against
Hertz Claim Management Corp., Appellant.




Robyn M. Brilliant, P.C. (Robyn M. Brilliant of counsel), for appellant.
Gary Tsirelman, P.C. (Darya Klein of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered January 27, 2016. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied defendant's motion for summary judgment dismissing the complaint.
The affidavits submitted by defendant in support of its motion established that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) its denial of claim forms. In support of the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services rendered between July 6, 2007 and November 28, 2007, defendant demonstrated that it had denied those claims because they had been submitted more than 45 days after those services had been rendered (see 11 NYCRR 65-2.4 [c]). The denial of claim forms further advised plaintiff that late notice would be excused if reasonable justification for the failure to give timely notice was provided (id.). As defendant established its prima facie entitlement to judgment as a matter of law upon those claims (see TAM Med. Supply Corp. v Fiduciary Ins. Co. of Am., 53 Misc 3d [*2]129[A], 2016 NY Slip Op 51352[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Ukon Med. Care, P.C. v Clarendon Natl. Ins. Co., 37 Misc 3d 136[A], 2012 NY Slip Op 52176[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), the burden shifted to plaintiff to demonstrate a triable issue of fact. Plaintiff failed to demonstrate a reasonable justification for initially sending the NF-3 forms to GEICO rather than to defendant, as plaintiff's NF-3 forms indicate that plaintiff was aware that the claims were to be sent to defendant. Since plaintiff failed to demonstrate the existence of a triable issue of fact, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services rendered between July 6, 2007 and November 28, 2007 should have been granted. 
In support of the branch of its motion seeking summary judgment dismissing so much of the complaint as sought to recover for services rendered between December 7, 2007 and June 6, 2008, defendant established that the policy limits had been exhausted more than three months before those services had been rendered. As plaintiff failed to demonstrate the existence of a triable issue of fact in opposition to this branch of defendant's motion, defendant was entitled to summary judgment dismissing so much of the complaint as sought to recover for services rendered between December 7, 2007 and June 6, 2008 (see 11 NYCRR 65-3.15).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018