Active Care Medical Supply Corp., as Assignee of Arrington, Michael, Respondent,
against
Erie Insurance Company of New York, Appellant.




Robyn M. Brilliant of counsel, for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered February 15, 2014, deemed from a judgment of that court entered June 22, 2017 (see CPLR 5501 [c]). The judgment, entered pursuant to the February 15, 2014 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $1,652.63.




ORDERED that the judgment is reversed, with $30 costs, the order entered February 15, 2014 is vacated, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court granting plaintiff's motion for summary judgment and denying defendant's cross motion which had sought summary judgment dismissing the complaint on the ground of lack of medical necessity. By order entered February 15, 2014, the Civil Court granted plaintiff's motion for summary judgment and denied defendant's cross motion. Defendant's appeal from the February 15, 2014 order is deemed from a judgment that was entered on June 22, 2017 pursuant to the order (see CPLR 5501 [c]).
In support of its cross motion, defendant established that the denial of claim forms, which had denied the claims on the ground of lack of medical necessity, had been timely mailed (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Furthermore, defendant submitted a sworn peer review report which set forth a factual basis and medical rationale for the peer reviewer's determination that there was a lack of medical necessity for the services at issue. In opposition, plaintiff submitted an affidavit from a doctor which failed [*2]to meaningfully refer to, let alone sufficiently rebut, the conclusions set forth in the peer review report (see Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the judgment is reversed, the order entered February 15, 2014 is vacated, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 19, 2019