Jules Francois Parisien, M.D., as Assignee of Frandy Bolivar, Respondent,
against
Nationwide Ins., Appellant. 




Harris J. Zakarin, P.C. (Harris J. Zakarin and Alan Hollander of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered March 16, 2017. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that it had timely denied the claim based upon plaintiff's failure to appear for three duly scheduled examinations under oath (EUOs). Plaintiff opposed the motion and cross-moved for summary judgment. Defendant argued in a reply affirmation that, by virtue of an order of the Civil Court (Richard J. Montelione, J.) dated January 6, 2017 in an action involving the same parties, plaintiff was collaterally estopped from disputing elements of defendant's case. Defendant appeals from so much of an order of the Civil Court (Harriet L. Thompson, J.) entered March 16, 2017 as denied defendant's motion, rejecting both the proof initially proffered by defendant and the claim of collateral estoppel. 
Defendant's papers failed to establish, as a matter of law, that the denial of claim form had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result, defendant did not demonstrate that it is not precluded from asserting its proffered defense. Consequently, the Civil Court properly found that defendant is [*2]not entitled to summary judgment dismissing the complaint. We incidentally note that the doctrine of collateral estoppel asserted by defendant would, in any event, not apply to the denial of the claim at issue here, as that claim was not at issue in the prior action.
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 29, 2019