Noel E. Blackman, M.D., as Assignee of McDonald-Charles, Elizabeth, Respondent,
against
Nationwide Ins., Appellant. 




Harris J. Zakarin, P.C. (Harris J. Zakarin of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered December 8, 2017, deemed from a judgment of that court entered January 22, 2018 (see CPLR 5501 [c]). The judgment, entered pursuant to the December 8, 2017 order denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $3,281.09.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered December 8, 2017 as granted plaintiff's cross motion for summary judgment is vacated, and plaintiff's cross motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, alleging that it had timely denied the claims at issue on the ground that plaintiff had failed to provide requested verification within 120 days of the initial verification request (see 11 NYCRR 65-3.5 [o]), and that the amounts plaintiff sought to recover exceeded the amounts permitted by the workers' compensation fee schedule. Plaintiff cross-moved for summary judgment. Defendant's appeal from an order of the Civil Court entered December 8, 2017 denying defendant's motion and granting plaintiff's cross motion is deemed to be from a judgment in favor of plaintiff in the principal sum of $3,281.09 which was entered on January 22, 2018 pursuant to the order (see CPLR 5501 [c]).
Defendant demonstrated, prima facie, that it had timely mailed initial and follow-up requests for verification (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and had not received the requested verification. However, the affidavit submitted by plaintiff in opposition to defendant's motion was sufficient to give rise to a presumption that the requested verification had been mailed to, and received by, defendant (see Compas Med., P.C. v Praetorian Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In light of the foregoing, there is a triable issue of fact as to whether plaintiff provided the requested verification. Moreover, we find that, on this record, there is also a triable issue of fact as to defendant's fee schedule defense, which defense, contrary to the finding of the Civil Court, defendant was not required to establish that it had preserved, as the services at issue were rendered in 2015 (see 11 NYCRR 65—3.8 [g] [1] [ii]; [2]).
Accordingly, the judgment is reversed, so much of the order entered December 8, 2017 as granted plaintiff's cross motion for summary judgment is vacated, and plaintiff's cross motion for summary judgment is denied.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019