Solution Bridge, Inc. v Nationwide Ins. (2020 NY Slip Op 50988(U))

[*1]

Solution Bridge, Inc. v Nationwide Ins.

2020 NY Slip Op 50988(U) [68 Misc 3d 130(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-837 K C

Solution Bridge, Inc., as Assignee of Castro,
Shantel, Appellant, 
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Harris J. Zakarin, P.C. (Harris J. Zakarin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered January 23, 2018. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint, arguing that plaintiff had failed to appear for
examinations under oath (EUOs) and that the action was premature because plaintiff had failed to
provide requested verification. Plaintiff cross-moved for summary judgment. By order entered
January 23, 2018, the Civil Court granted defendant's motion for summary judgment dismissing
the complaint on the ground that the action was premature due to plaintiff's failure to provide
requested verification and denied plaintiff's cross motion.
Defendant demonstrated, prima facie, that it had timely mailed initial and follow-up requests
for verification (see St. Vincent's Hosp.
of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and had not
received the requested verification. However, as plaintiff argues, the affidavit submitted by
plaintiff in opposition to defendant's motion was sufficient to give rise to a presumption that the
requested verification had been mailed to, and received by, defendant (see id.). In light of
the foregoing, there is a triable issue of fact as to whether the action is premature (see Compas Med., P.C. v Praetorian Ins.
Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]). Plaintiff's remaining contention lacks merit (see Frankel v Stavsky, 40 AD3d
918 [2007]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020