Quest Supply, Inc. v NY Cent. Mut. Fire Ins. Co. (2020 NY Slip Op
51003(U))

[*1]

Quest Supply, Inc. v NY Cent. Mut. Fire Ins. Co.

2020 NY Slip Op 51003(U) [68 Misc 3d 132(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2018-2354 K C

Quest Supply, Inc., as Assignee of Junior
Perez, Respondent, 
against
NY Central Mutual Fire Ins. Co., Appellant.

Nightingale Law, P.C. (Michael S. Nightingale of counsel), for appellant.
Gary Tsirelman, P.C. (Devon Riley Christian of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered October 26, 2018. The order, insofar as appealed from, denied the branch
of defendant's motion seeking summary judgment dismissing so much of the complaint as sought
to recover the sum of $1,150.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the
branch of defendant's motion seeking summary judgment dismissing so much of the complaint as
sought to recover the sum of $1,150 is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
moved, insofar as is relevant to this appeal, for summary judgment dismissing so much of the
complaint as sought to recover the sum of $1,150, on the ground that plaintiff's assignor had
failed to appear for duly scheduled independent medical examinations (IMEs). In support of the
motion, defendant submitted an affidavit by an employee of the company which had been
retained by defendant to schedule the pre-claim IMEs, which affidavit sufficiently demonstrated
that the scheduling letters had been properly mailed to plaintiff's assignor (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant proffered affidavits
from the chiropractors who were to perform chiropractic and acupuncture IMEs, which
sufficiently established that plaintiff's assignor had failed to appear for those duly scheduled
IMEs (see Stephen Fogel Psychological,
P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). In addition, an affidavit
executed by defendant's claim representative demonstrated that the denial of claim form, which
denied the claim seeking to recover the sum of $1,150 based on the assignor's nonappearance at
the IMEs, had been timely mailed (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123).

In opposition, the affirmation of plaintiff's counsel failed to demonstrate the existence of a
triable issue of fact, since no issue was raised with respect to the scheduling letters mailed
directly to plaintiff's assignor (see
generally MML Med. Care, P.C. v Praetorian Ins. Co., 46 Misc 3d 127[A], 2014 NY
Slip Op 51792[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*2]2014]). Plaintiff's remaining contention regarding defendant's proof
that the assignor had failed to appear for the IMEs lacks merit.
Accordingly, the order, insofar as appealed from, is reversed, and the branch of defendant's
motion seeking summary judgment dismissing so much of the complaint as sought to recover the
sum of $1,150 is granted. 
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020