Lacina v Hereford Ins. Co. (2020 NY Slip Op 51329(U))

[*1]

Lacina v Hereford Ins. Co.

2020 NY Slip Op 51329(U) [69 Misc 3d 139(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1848 K C

Francis J. Lacina, M.D., as Assignee of
Jones, Jesse, Appellant, 
against
Hereford Insurance Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Goldberg, Miller & Rubin, P.C. (Timothy Bishop of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered August 3, 2018. The order denied plaintiff's motion for summary
judgment and granted defendant's cross motion for summary judgment dismissing the
complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which denied its motion for summary judgment and granted
defendant's cross motion for summary judgment dismissing the complaint.
Contrary to plaintiff's contention, the affidavits by an employee of Media Referral, Inc.,
which had been retained by defendant to schedule independent medical examinations (IMEs),
which affidavits were executed the same date the IME scheduling letters were mailed,
sufficiently established that the IME scheduling letters had been timely mailed (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]).
Defendant also submitted an affidavit from the medical provider who was to perform the IMEs,
which sufficiently established that plaintiff's assignor had failed to appear for those duly
scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720 [2006]). In addition, an affidavit executed by defendant's claims examiner
demonstrated that the denial of claim form, which denied the claim based on plaintiff's assignor's
nonappearance at the IMEs, had been timely mailed (see St. Vincent's Hosp. of
Richmond, 50 AD3d 1123). As plaintiff's remaining contentions lack merit, the Civil Court
properly denied plaintiff's motion for summary judgment and granted defendant's cross motion
for summary judgment dismissing the complaint.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020