VS Sunrise Med., P.C. v Global Liberty Ins. (2020 NY Slip Op 51370(U))

[*1]

VS Sunrise Med., P.C. v Global Liberty Ins.

2020 NY Slip Op 51370(U) [69 Misc 3d 143(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2350 K C

VS Sunrise Medical, P.C., as Assignee of
Valerie Santiago, Respondent, 
against
Global Liberty Insurance, Appellant. 

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for appellant.
Law Offices of Marina Josovich, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered October 9, 2018. The order, insofar as appealed from, granted the
branches of plaintiff's motion seeking summary judgment upon the second and third causes of
action, and denied the branches of defendant's cross motion seeking summary judgment
dismissing those causes of action.

ORDERED that the order, insofar as appealed from, is modified by providing that the
branches of plaintiff's motion seeking summary judgment upon the second and third causes of
action are denied; as so modified, the order, insofar as appealed from, is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as granted the branches of plaintiff's motion
seeking summary judgment upon the second and third causes of action, and denied the branches
of defendant's cross motion seeking summary judgment dismissing those causes of action.
Defendant correctly argues that it submitted sufficient proof to demonstrate, prima facie, that
it had not received the claim forms underlying plaintiff's second and third causes of action.
However, the affidavit of plaintiff's billing administrator was sufficient to raise an issue of fact as
to whether those claim forms had been mailed to defendant (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50
AD3d 1123 [2008]). Thus, there is an issue of fact as to whether defendant had received the
claims at issue (see Parisien v Travelers Ins. Co., 65 Misc 3d [*2]154[A], 2019 NY Slip Op 51895[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Compas
Med., P.C. v 21st Century Ins. Co., 47 Misc 3d 128[A], 2015 NY Slip Op 50388[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. Bright Med. Supply Co. v Tri
State Consumer Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51122[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches
of plaintiff's motion seeking summary judgment upon the second and third causes of action are
denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020