Mega Aid Pharm. I, Inc. v A. Cent. Ins. Co. (2022 NY Slip Op 50579(U))

[*1]

Mega Aid Pharm. I, Inc. v A. Cent. Ins. Co.

2022 NY Slip Op 50579(U) [75 Misc 3d 138(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through July 8, 2022; it will not
be published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-181 K C

Mega Aid Pharmacy I, Inc., as Assignee of
Amanda Camacho, Respondent, 
against
A. Central Insurance Company, Appellant.

Nightingale Law, P.C. (Michael S. Nightingale of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered September 16, 2019. The order, insofar as appealed from, denied
defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought summary judgment dismissing the complaint on the grounds that plaintiff's claims were
submitted more than 45 days after the subject supplies had been furnished, lack of medical
necessity, and that the fees sought exceeded the amounts permitted by the workers' compensation
fee schedule.
The affidavit of defendant's claims representative established that the claims at issue had
been submitted more than 45 days after those supplies had been furnished (see 11
NYCRR 65-1.1) and that defendant had timely mailed (see St. Vincent's Hosp. of Richmond
v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) its denial of claim form, which
denied the claim on that ground. Furthermore, defendant's denial of claim form advised plaintiff
that late notice would be excused if reasonable justification for the failure to give timely notice
was provided (11 NYCRR 65-1.1). Plaintiff failed to raise a triable issue of fact in response to
defendant's prima facie showing. Indeed, the claim forms annexed to a cross motion for summary
judgment by plaintiff were dated more than 45 days after the supplies at issue were furnished. In
light of the foregoing, defendant's motion for summary judgment dismissing the complaint
should have been granted. We reach no other issue.
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion for
[*2]summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022