Lefferts Gardens Chiropractic, P.C. v New York Cent. Mut. Fire Ins. Co. (2022 NY
Slip Op 50599(U))

[*1]

Lefferts Gardens Chiropractic, P.C. v New York Cent. Mut. Fire Ins.
Co.

2022 NY Slip Op 50599(U) [75 Misc 3d 140(A)]

Decided on June 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1303 K C

Lefferts Gardens Chiropractic, P.C., as
Assignee of Anna Gurley, Respondent, 
against
New York Central Mutual Fire Insurance Company, Appellant.

Nightingale Law, P.C. (Michael S. Nightingale of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov and Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered May 28, 2019. The order denied defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the ground that the action is premature, as plaintiff failed
to respond to defendant's timely requests for additional verification.
The proof submitted by defendant was sufficient to demonstrate that verification requests
had been timely sent to plaintiff (see 11 NYCRR 65-3.8 [l]; St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and that defendant had not
received a response to the verification letters from plaintiff. Contrary to plaintiff's contentions,
the follow-up verification requests issued by defendant were proper (see 11 NYCRR
65-3.6 [b]). In any event, "[a]ny confusion on the part of [] plaintiff as to what was being sought
should have been addressed by further communication, not inaction" (Westchester County
Med. Ctr. v NY Cent. Mut. Fire Ins. Co., 262 AD2d 553, 555 [1999]; see Healthy Way Acupuncture, P.C. v New
York Cent. Mut. Fire Ins. Co., 58 Misc 3d 137[A], 2017 NY Slip Op 51828[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2022