Gentlecare Ambulatory Anesthesia Servs. v MVAIC (2022 NY Slip Op
50785(U))

[*1]

Gentlecare Ambulatory Anesthesia Servs. v MVAIC

2022 NY Slip Op 50785(U) [76 Misc 3d 128(A)]

Decided on August 5, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 5, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-100 K C

Gentlecare Ambulatory Anesthesia
Services; Lyonel F. Paul, M.D., as Assignee of Wilkinson, Cynthia, Appellant,
against
MVAIC, Respondent. 

The Rybak Firm, PLLC (Damin J.Toell of counsel), for appellant.
Marshall & Marshall (Jeffrey Kadushin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered August 13, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing the first through third causes of action are denied; as so
modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order which granted defendant's motion for summary judgment dismissing the
complaint.
Defendant demonstrated, prima facie, that, with respect to the claims underlying the first
through third causes of action, it had timely mailed initial and follow-up requests for verification
(see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]), that it had not received the
requested verification, and that it had timely denied those claims on that [*2]ground (see 11 NYCRR 65-3.5 [o]). However, the affidavit
submitted by plaintiff in opposition to defendant's motion was sufficient to give rise to a
presumption that the requested verification had been mailed to, and received by, defendant (see Compas Med., P.C. v Praetorian Ins.
Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]). In light of the foregoing, with respect to the first through third
causes of action, there is a triable issue of fact as to whether plaintiff provided the requested
verification.
While plaintiff further contends that defendant is not entitled to summary judgment
dismissing the fourth cause of action because defendant admitted to having received the
requested verification, plaintiff's argument lacks merit as defendant also established, prima facie,
that, upon receipt of the verification, defendant had paid the claim underlying the fourth cause of
action. Plaintiff failed to raise an issue of fact in response. 
Accordingly, the order is modified by providing that the branches of defendant's motion
seeking summary judgment dismissing the first through third causes of action are denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 5, 2022