Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. (2023 NY Slip Op 50794(U))

[*1]

Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co.

2023 NY Slip Op 50794(U)

Decided on July 21, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ

2022-385 K C

Burke Physical Therapy, P.C., as Assignee of McCalla, Fantasia, Respondent,
against
State Farm Mutual Automobile Insurance Company, Appellant. 

Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak and Richard Rozhik of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa Kennedy, J.), entered December 9, 2021. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff failed to provide requested verification. Plaintiff cross-moved for summary judgment or, in the alternative, for an order pursuant to CPLR 3212 (g) deeming certain facts established for all purposes in this action. In an order entered December 9, 2021, the Civil Court (Odessa Kennedy, J.) denied defendant's motion and, upon implicitly denying plaintiff's cross motion for summary judgment, found, in effect pursuant to CPLR 3212 (g), that plaintiff timely submitted the bills at issue to defendant. As limited by its brief, defendant appeals from so much of the order as denied its motion for summary judgment.
The proof submitted by defendant in support of its motion for summary judgment established that defendant had timely mailed its initial and follow-up verification requests (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and that defendant had not received the requested verification (see American Kinetics Lab, Inc. v GEICO Gen. Ins. Co., 77 Misc 3d 135[A], 2022 NY Slip Op 51267[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). As defendant further demonstrated that it had timely denied plaintiff's [*2]claims (see 11 NYCRR 65-3.5 [o]; St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d at 1124), defendant made a prima facie showing of its entitlement to summary judgment dismissing the complaint (see Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co., 75 Misc 3d 143[A], 2022 NY Slip Op 50623[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Chapa Prods. Corp. v MVAIC, 66 Misc 3d 16, 18-19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; CPM Med Supply, Inc. v State Farm Fire & Cas. Ins. Co., 63 Misc 3d 140[A], 2019 NY Slip Op 50576[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Plaintiff's owner's statement that he had mailed the requested verification "to the extent such responses were proper and in [his] possession" does not raise a triable issue of fact, as it does not "demonstrate that [plaintiff] had provided the requested verification or had set forth a reasonable justification for the failure to comply with defendant's verification requests" (Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co., 2022 NY Slip Op 50623[U], *1-2; see 11 NYCRR 65-3.5 [o]; 65-3.8 [b] [3]; CPM Med Supply, Inc. v State Farm Fire & Cas. Ins. Co., 2019 NY Slip Op 50576[U], *1). To the extent plaintiff argues that the verification requests were improper since they were issued after plaintiff had appeared for an examination under oath (EUO), this argument lacks merit, as the EUO pertained to claims for a different assignor, and was held five months before the claims at issue were submitted.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
MUNDY, J.P., OTTLEY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2023