GPLW Acupuncture, P.C. v Nationwide Mut. Ins. Co. (2024 NY Slip Op 50397(U))

[*1]

GPLW Acupuncture, P.C. v Nationwide Mut. Ins. Co.

2024 NY Slip Op 50397(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-594 S C

GPLW Acupuncture, P.C., as Assignee of Claude Watson, Respondent, 
against
Nationwide Mutual Insurance Company, Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Law Offices of Gabriel & Moroff, PC (Koenig Pierre of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fourth District (Garrett W. Swenson, Jr., J.), entered June 21, 2022. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the District Court as denied defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs).
The affidavit submitted by defendant established that the EUO scheduling letters and the denial of claim forms, which denied the claims on the ground that plaintiff failed to appear for the EUOs, had been timely mailed in accordance with defendant's standard office practices and procedures (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; 11 NYCRR 65-3.8 [l]). In addition, defendant submitted affidavits by its attorney who was scheduled to conduct the EUOs, as well as certified transcripts of the attorney's statements of the nonappearances, which were sufficient to establish plaintiff's failure to appear (see Pavlova v Nationwide Ins., 70 Misc 3d 144[A], 2021 NY Slip Op 50213[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; TAM Med. Supply Corp. v 21st Century Ins. Co., 57 Misc 3d 149[A], [*2]2017 NY Slip Op 51510[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Consequently, defendant established its prima facie entitlement to summary judgment (see Interboro Ins. Co. v Clennon, 113 AD3d 596 [2014]). To the extent the court stated that there was an issue of fact as to whether the EUOs were scheduled to be held in a location which was reasonably convenient for plaintiff, the EUO scheduling letters offered to let plaintiff appear virtually. As plaintiff failed to raise a triable issue of fact in opposition to defendant's motion, defendant's motion for summary judgment dismissing the complaint should have been granted.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024