A.C. Med., P.C. v Ameriprise Ins. Co. (2020 NY Slip Op 51378(U))

[*1]

A.C. Med., P.C. v Ameriprise Ins. Co.

2020 NY Slip Op 51378(U) [69 Misc 3d 144(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2572 K C

A.C. Medical, P.C. and Vital Chiropractic,
P.C., as Assignees of Jorge Palacios, Respondents,
against
Ameriprise Insurance Company, Appellant.

Bruno, Gerbino. Soriano & Aitken, LLP (Nathan M. Shapiro of counsel), for appellant.
Law Office of Melissa Betancourt, P.C. (Melissa Betancourt of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered November 28, 2018. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is modified by providing that the branch of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims submitted by plaintiff A.C. Medical, P.C. is granted; as so modified, the order is affirmed,
without costs.
In this action by providers to recover assigned first-party no-fault benefits, defendant appeals
from an order of the Civil Court which denied defendant's motion for summary judgment
dismissing the complaint.
With respect to plaintiff A.C. Medical, P.C. (ACM), defendant established that initial and
follow-up letters scheduling an examination under oath (EUO) had been timely mailed (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]); that ACM had failed to appear on
either date (see Stephen Fogel
Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]); and that the
claims had been timely denied on that ground (see St. Vincent's Hosp. of Richmond, 50
AD3d 1123). As ACM failed to raise a triable issue of fact in opposition to defendant's motion,
defendant is entitled to summary judgment dismissing so much of the complaint as sought to
recover upon claims submitted by ACM.
As to the remaining claims at issue which were submitted by plaintiff Vital Chiropractic,
P.C. (Vital), defendant contends that its initial EUO scheduling letter tolled defendant's time to
pay or deny all of the claims at issue (see 11 NYCRR 65-3.5 [b]; ARCO Med. NY, P.C. v Lancer Ins.
Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]), that the toll was maintained by timely follow-up scheduling letters
(see 11 NYCRR 65-3-6 [b) and that defendant had timely denied plaintiff's claims
(see St. Vincent's Hosp. of Richmond, 50 AD3d 1123). Upon a review of the record, we
find that defendant's motion failed to establish, as a matter of law, that defendant had timely
denied Vital's claims after Vital had failed to appear at both an initial and a follow-up EUO.
Accordingly, the order is modified by providing that the branch of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover upon
claims submitted by plaintiff A.C. Medical, P.C. is granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020