NL Quality Med., P.C. v GEICO Ins. Co. (2020 NY Slip Op 50997(U))

[*1]

NL Quality Med., P.C. v GEICO Ins. Co.

2020 NY Slip Op 50997(U) [68 Misc 3d 131(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2004 K C

NL Quality Medical, P.C., as Assignee of
Sumlar, Tanya, Respondent, 
against
GEICO Ins. Co., Appellant. 

Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered September 5, 2018. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear
for duly scheduled examinations under oath (EUOs), and plaintiff cross-moved for summary
judgment. Defendant appeals from so much of an order of the Civil Court as denied defendant's
motion.
The affidavit submitted by defendant established that the EUO scheduling letters and the
denial of claim forms had been timely mailed in accordance with defendant's standard office
practices and procedures (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In
addition, the affirmation submitted by defendant's attorney, who was present in her office to
conduct the EUO of plaintiff on the scheduled dates, was sufficient to establish that plaintiff had
failed to appear on those dates. As a result, defendant demonstrated its prima facie entitlement to
summary judgment (see Interboro Ins.
Co. v Clennon, 113 AD3d 596, 597 [2014]; Gentlecare Ambulatory Anesthesia Servs. v GEICO Ins. Co., 63 Misc
3d 152[A], 2019 NY Slip Op 50759[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; Palafox PT, P.C. v State Farm
Mut. Auto. Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2015]). Plaintiff failed to raise a triable issue of fact in
opposition to defendant's motion.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020