Wave Med. Servs., P.C. v Metlife Auto & Home (2020 NY Slip Op
51321(U))

[*1]

Wave Med. Servs., P.C. v Metlife Auto & Home

2020 NY Slip Op 51321(U) [69 Misc 3d 138(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1355 K C

Wave Medical Services, P.C., as Assignee
of Marceus, Josue, Respondent-Appellant, 
against
Metlife Auto & Home, Appellant-Respondent.

Bruno, Gerbino, Soriano & Aitken, LLP (Nathan M. Shapiro, Esq.), for
appellant-respondent.
The Rybak Firm, PLLC (Damin J. Toell, Esq.), for respondent-appellant.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered March 13, 2018. The order, insofar as appealed from by defendant, denied
defendant's motion for summary judgment dismissing the complaint. The order, insofar as
cross-appealed from by plaintiff, denied plaintiff's cross motion for summary judgment.

ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the order, insofar as reviewed, is reversed, with $30 costs, and defendant's
motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought summary judgment dismissing the complaint on the ground that defendant had never
received the claims at issue.
The affidavit of defendant's claims representative established that defendant had never
received the claims in question from plaintiff. Defendant demonstrated that plaintiff mailed the
claims at issue to an address in Latham, New York; that defendant had not received mail at that
address for almost 28 months, as defendant's mailing address was either in North Carolina or
Pennsylvania; that the Latham address had not been defendant's physical address for almost two
years; and that a United State Post Office mail forwarding order, which had been in effect for 12
months after defendant physically moved from that location, had expired more than nine months
[*2]before plaintiff mailed the subject claims. In opposition to
defendant's motion, the affidavit submitted by plaintiff's billing clerk merely established that he
had mailed the claims to the Latham, New York address and thus, it was insufficient to
demonstrate proof of proper mailing of the claim forms, which would give rise to a presumption
of receipt. Consequently, defendant's time to pay or deny plaintiff's claims never began to run and
defendant is entitled to summary judgment dismissing the complaint without prejudice, as it is
premature (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; Bright Med.
Supply Co. v Tri State Consumer Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51122[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also Abruscato v Allstate Prop. & Cas. Ins. Co., 165 AD3d
1209, 1210 [2018]; cf. Parisien v Travelers Ins. Co., 65 Misc 3d 154[A], 2019 NY Slip Op
51895[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the order, insofar as reviewed, is reversed and defendant's motion for summary
judgment dismissing the complaint is granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020