Metro Pain Specialist, P.C. v ELRAC, Inc. (2020 NY Slip Op 51341(U))

[*1]

Metro Pain Specialist, P.C. v ELRAC, Inc.

2020 NY Slip Op 51341(U) [69 Misc 3d 140(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-197 K C

Metro Pain Specialist, P.C., as Assignee of
Brown, Antannette, Appellant, 
against
ELRAC, Inc., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Scahill Law Group, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered January 7, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint and denied plaintiff's cross motion for summary judgment.
Plaintiff correctly argues on appeal that the affidavit submitted by defendant in support of its
motion did not sufficiently set forth a standard office practice or procedure that would ensure that
the letters scheduling independent medical examinations (IMEs) were properly addressed and
mailed (see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result,
defendant failed to demonstrate that the IMEs were properly scheduled and, thus, that plaintiff's
assignor failed to appear at duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720, 722 [2006]; see also
Delta Diagnostic Radiology, P.C. v Maya Assur. Co., 47 Misc 3d 151[A], 2015 NY Slip
Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently,
defendant is not entitled to summary judgment dismissing the complaint.
However, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie
entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion
[*2]failed to establish that the claim at issue had not been timely
denied (see Viviane Etienne Med. Care,
P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a
timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020