JE & MB Homes, LLC v U.S. Bank N.A. (2020 NY Slip Op 07552)





JE & MB Homes, LLC v U.S. Bank N.A.


2020 NY Slip Op 07552


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2017-08733
2018-08071
 (Index No. 713673/16)

[*1]JE & MB Homes, LLC, respondent, 
v
U.S. Bank National Association, etc., appellant.


Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), for appellant.
Menashe & Associates LLP, Montebello, NY (Shoshana Schneider of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from (1) an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 27, 2017, and (2) an order of the same court entered November 17, 2017. The order entered June 27, 2017, inter alia, granted the plaintiff's unopposed motion for leave to enter a default judgment. The order entered November 17, 2017, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(1) and 3012(d) to vacate its default in answering the complaint and to extend its time to answer.
ORDERED that the appeal from the order entered June 27, 2017, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order entered November 17, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The plaintiff, the owner of a certain parcel of real property, commenced this action on November 15, 2016, against the defendant to cancel and discharge of record a mortgage purporting to encumber the subject premises, alleging that enforcement of the mortgage was barred by the applicable six-year statute of limitations (see RPAPL 1501[4]). On November 22, 2016, the summons and complaint were served on the defendant. Thereafter, the plaintiff moved for leave to enter a default judgment. In an order entered June 27, 2017, the Supreme Court granted the motion without opposition.
The defendant then moved, inter alia, pursuant to CPLR 5015(a)(1) and 3012(d) to vacate its default in answering the complaint and to extend its time to answer. In an order entered November 17, 2017, the Supreme Court denied those branches of the defendant's motion. The defendant appeals.
A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698; US Bank N.A. v Dedomenico, 162 AD3d 962, 964). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Rodie v Sahai, 175 AD3d 1449, 1449-1450).
In this case, the defendant failed to demonstrate a reasonable excuse for its default (see Countrywide Home Loans, Inc. v Vittorio, 178 AD3d 1017). Given that the defendant's counsel claimed that the matter was not referred to its office until after the time to answer had already expired, the defendant's claim of law office failure is without merit. Since the defendant failed to establish a reasonable excuse for its default in answering the complaint, it is unnecessary to consider whether it established the existence of a potentially meritorious defense to this action (see Bank of N.Y. Mellon v Daniels, 180 AD3d 738).
Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's motion which were to vacate its default in answering the complaint and to extend its time to answer.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court