Yumi Acupuncture, P.C. v Allstate Ins. Co. (2021 NY Slip Op 50432(U))

[*1]

Yumi Acupuncture, P.C. v Allstate Ins. Co.

2021 NY Slip Op 50432(U) [71 Misc 3d 136(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-167 K C

Yumi Acupuncture, P.C., as Assignee of
Russell Harrod, Appellant, 
against
Allstate Ins. Co., Respondent. 

Gary Tsirelman, P.C. (Darya Klein of counsel), for appellant.
Law Offices of James F. Sullivan, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered January 11, 2019. The order granted defendant's motion to vacate a
judgment of that court entered October 4, 2017 upon defendant's failure to appear or answer the
complaint, and to compel plaintiff to accept defendant's answer.

ORDERED that the order entered January 11, 2019 is reversed, with $30 costs, and
defendant's motion to vacate the judgment entered October 4, 2017 and to compel plaintiff to
accept defendant's answer is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court entered January 11, 2019 granting defendant's motion to vacate a
judgment of that court entered October 4, 2017 upon defendant's failure to appear or answer the
complaint, and to compel plaintiff to accept defendant's answer.
"A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015
(a) (1) and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012 (d) must
show both a reasonable excuse for the default and the existence of a potentially meritorious
defense (see Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698 [2020]; US
Bank N.A. v Dedomenico, 162 AD3d 962, 964 [2018])" (JE & MB Homes, LLC v
U.S. Bank N.A., 189 AD3d 1195, 1196 [2020]). As defendant failed to demonstrate that it
possessed both a reasonable excuse for its default and a meritorious defense, defendant's motion
to vacate its default should have been denied.
Accordingly, the order entered January 11, 2019 is reversed and defendant's motion to vacate
the judgment entered October 4, 2017 and to compel plaintiff to accept defendant's answer is
denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021