JFL Med. Care, P.C. v ELRAC, Inc. (2021 NY Slip Op 50434(U))

[*1]

JFL Med. Care, P.C. v ELRAC, Inc.

2021 NY Slip Op 50434(U) [71 Misc 3d 136(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-319 K C

JFL Medical Care, P.C., as Assignee of
Martin, Anesia, Appellant, 
against
ELRAC, Inc., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Scahill Law Group, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered January 10, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly
scheduled independent medical examinations (IMEs) and denied plaintiff's cross motion for
summary judgment.
Plaintiff correctly argues on appeal that the affidavit submitted by defendant in support of its
motion did not sufficiently set forth a standard office practice or procedure that would ensure that
the letters scheduling the IMEs were properly addressed and mailed (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result, defendant failed to
demonstrate that the IMEs were properly scheduled and, thus, that plaintiff's assignor had failed
to appear at duly scheduled IMEs (see
Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722
[2006]; see also Metro Pain Specialist,
P.C. v ELRAC, Inc., 69 Misc 3d 140[A], 2020 NY Slip Op 51341[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2020]; Delta Diagnostic Radiology, P.C. v Maya Assur. Co., 47 Misc 3d
151[A], [*2]2015 NY Slip Op 50786[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, defendant is not entitled to summary
judgment dismissing the complaint.
However, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie
entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion
failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v
Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely
denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021