Ditmas Primary Med. Care, P.C. v Republic W. Ins. Co. (2021 NY Slip Op
50438(U))

[*1]

Ditmas Primary Med. Care, P.C. v Republic W. Ins. Co.

2021 NY Slip Op 50438(U) [71 Misc 3d 137(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-374 K C

Ditmas Primary Medical Care, P.C., as
Assignee of Joelle Davis, Respondent,
against
Republic Western Ins. Co., Appellant. 

Bryan Cave, LLP (Matthew Sarles and Amanda C. Scuder of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered January 24, 2019. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for
duly scheduled examinations under oath (EUOs).
The affidavit submitted by defendant established that the denial of claim forms had been
timely mailed in accordance with defendant's standard office practices and procedures (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In addition, the affirmation
submitted by defendant's attorney was sufficient to establish that the EUO scheduling letters had
been timely mailed (id.) and, since he was present in his office to conduct the EUO of
plaintiff's assignor on the scheduled dates, that plaintiff's assignor had failed to appear on those
dates. As a result, defendant demonstrated its prima facie entitlement upon defendant's motion
seeking summary judgment dismissing the complaint (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; NL Quality Med., P.C. v GEICO Ins.
Co., 68 Misc 3d 131[A], 2020 NY Slip Op 50997[A] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]). [*2]Plaintiff failed to raise a triable
issue of fact in opposition to defendant's motion.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021