BNE Clinton Med., P.C. v Republic W. Ins. Co. (2021 NY Slip Op
50433(U))

[*1]

BNE Clinton Med., P.C. v Republic W. Ins. Co.

2021 NY Slip Op 50433(U) [71 Misc 3d 136(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-203 K C

BNE Clinton Medical, P.C., as Assignee of
Alejandro De La Cruz, Respondent,
against
Republic Western Ins. Co., Appellant. 

Bryan Cave Leighton Paisner, LLP (Amanda C. Scuder and Matthew A. Sarles of counsel), for
appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered August 2, 2018. The order denied defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the grounds that defendant had previously paid four of the
claims involved in this action and that the remaining six claims were denied because plaintiff had
failed to appear for duly scheduled examinations under oath (EUOs).
The affidavit of defendant's claims manager established that defendant had previously paid
four of the claims sought to be recovered in the complaint. In opposition, plaintiff did not oppose
the branch of defendant's motion seeking summary judgment dismissing so much of the
complaint as sought to recover upon those four claims and, on appeal, plaintiff concedes that the
branch of defendant's motion seeking summary judgment dismissing those claims should be
granted.
As to the remaining six claims, the affidavit submitted by defendant established that the
denial of claim forms had been timely mailed in accordance with defendant's standard office
[*2]practices and procedures (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50
AD3d 1123 [2008]). In addition, the affirmation submitted by defendant's attorney was
sufficient to establish that the EUO scheduling letters had been timely mailed (see id.)
and, since she was present in her office to conduct the EUO of plaintiff on the scheduled dates,
that plaintiff had failed to appear on those dates. As a result, defendant demonstrated its prima
facie entitlement upon the branch of defendant's motion seeking summary judgment dismissing
those six claims (see Interboro Ins. Co. v
Clennon, 113 AD3d 596, 597 [2014]; NL Quality Med., P.C. v GEICO Ins. Co., 68 Misc 3d 131[A], 2020
NY Slip Op 50997[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Big Apple Med. Supply, Inc. v Titan
& Nationwide, 66 Misc 3d 131[A], 2019 NY Slip Op 52067[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]). Plaintiff failed to raise a triable issue of fact in
opposition to this branch of defendant's motion.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021