Allay Med. Servs., P.C. v National Liab. & Fire Ins. Co. (2021 NY Slip Op
50442(U))

[*1]

Allay Med. Servs., P.C. v National Liab. & Fire Ins. Co.

2021 NY Slip Op 50442(U) [71 Misc 3d 137(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-511 K C

Allay Medical Services, P.C., as Assignee
of Betances, Jhonny, Respondent,
against
National Liability & Fire Insurance Company, Appellant.

Mintzer, Sarowitz, Zeris, Ledva and Meyers, LLP (Kate M. Cifarelli of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered January 25, 2019. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought summary judgment dismissing the complaint on the ground that defendant had never
received the claim at issue.
The affidavit of defendant's personal injury protection unit supervisor established prima facie
that defendant had never received the claim in question from plaintiff. However, the affidavit of
plaintiff's billing clerk, submitted in opposition to defendant's motion, was sufficient to give rise
to a presumption that the subject claim form had been mailed to, and received by, defendant (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]), raising a triable issue of fact as to
whether defendant had received the claim form. Contrary to defendant's argument, it did not
demonstrate, as a matter of law, that the address to which plaintiff mailed the claim form was not
defendant's address, and, as a result, defendant's motion for summary judgment dismissing the
complaint was properly denied (cf.
Wave Med. Servs., P.C. v Metlife Auto & Home, 69 Misc 3d 138[A], 2020 NY
Slip Op 51321[U] [App [*2]Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2020]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021