SVP Med Supply, Inc. (B) v GEICO (2022 NY Slip Op 50585(U))

[*1]

SVP Med Supply, Inc. (B) v GEICO

2022 NY Slip Op 50585(U) [75 Misc 3d 139(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-641 K C

SVP Med Supply, Inc. (B), as Assignee of
Natasha Pacheco, Respondent, 
against
GEICO, Appellant. 

Rivkin Radler, LLP (Stuart M. Bodoff of counsel) for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), entered October 25, 2019. The order denied defendant's motion for
summary judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the ground that plaintiff failed to appear for duly
scheduled examinations under oath (EUOs).
The affidavit submitted by defendant established that the EUO scheduling letters and the
denial of claim forms had been timely mailed in accordance with defendant's standard office
practices and procedures (see St.
Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In
addition, the affirmation submitted by defendant's attorney, who was present in her office to
conduct the EUO of plaintiff on the scheduled dates, was sufficient to establish that plaintiff had
failed to appear on those dates (see
Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [2015]; NL Quality Med., P.C. v GEICO Ins.
Co., 68 Misc 3d 131[A], 2020 NY Slip Op 50997[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]; cf. Satya
Drug Corp. v Global Liberty Ins. Co. of NY, 65 Misc 3d 127[A], 2019 NY Slip Op
51505[U] [App Term, 1st Dept 2019]). As a result, defendant demonstrated its prima facie
entitlement to summary judgment (see
Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]). Plaintiff failed to raise a
triable issue of fact in opposition to defendant's motion.
Accordingly, the order is reversed and defendant's motion for summary judgment [*2]dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022