AB Quality Health Supply Corp. v Nationwide Ins. (2022 NY Slip Op
50299(U))

[*1]

AB Quality Health Supply Corp. v Nationwide Ins.

2022 NY Slip Op 50299(U) [74 Misc 3d 136(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREE A. BUGGS,
JJ

2020-253 K C

AB Quality Health Supply Corp., as
Assignee of Ferril, Jibriel J., Respondent,
against
Nationwide Ins., Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Consuelo
Mallafre Melendez, J.), entered October 25, 2019. The order denied defendant's motion for
summary judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which sought summary
judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for
duly scheduled examinations under oath (EUOs). The Civil Court held that there is an issue of
fact as to whether the EUO scheduling letters were properly mailed to plaintiff's assignor. While
the address on the scheduling letters to the assignor matched the address on the NF-3 forms
plaintiff had provided to defendant, it did not match the address set forth on the assignment of
benefits form.
A review of the record indicates that the proof submitted by defendant in support of its
motion for summary judgment dismissing the complaint established that defendant's initial and
follow-up letters scheduling an EUO had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50
AD3d 1123 [2008]), that plaintiff failed to appear on either date (see Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), and that the claims were timely denied
on that ground (see St. Vincent's Hosp.
of [*2]Richmond v Government Empls. Ins. Co., 50 AD3d
1123). Moreover, we find, contrary to the determination of the Civil Court, that, since the
address to which defendant mailed the EUO scheduling letters to the assignor matched the
address contained on the NF-3 forms plaintiff provided to defendant, defendant established,
prima facie, that the letters had been properly mailed to plaintiff's assignor (see Compas Med., P.C. v American Tr. Ins.
Co., 64 Misc 3d 141[A], 2019 NY Slip Op 51257[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]; Sunlight
Med. Care, P.C. v Esurance Ins. Co., 49 Misc 3d 130[A], 2015 NY Slip Op 51410[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). As plaintiff's opposition papers
failed to rebut defendant's prima facie showing, defendant's motion for summary judgment
dismissing the complaint should have been granted. 
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing
the complaint is granted.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022