Longevity Med. Supply, Inc. v Nationwide Ins. (2020 NY Slip Op 51133(U))

[*1]

Longevity Med. Supply, Inc. v Nationwide Ins.

2020 NY Slip Op 51133(U) [69 Misc 3d 128(A)]

Decided on October 2, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-2563 K C

Longevity Medical Supply, Inc., as
Assignee of Hodge, Kerry, Respondent, 
against
Nationwide Ins., Appellant. 

Hollander Legal Group , P.C. (Allan S. Hollander of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered November 13, 2018. The order, insofar as appealed from and as limited
by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed
to appear for duly scheduled examinations under oath (EUOs), and plaintiff cross-moved for
summary judgment. As limited by the brief, defendant appeals from so much of an order of the
Civil Court entered November 13, 2018 as denied defendant's motion.
We find that defendant established that the EUO scheduling letters had been timely mailed
(see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]), that plaintiff's assignor had failed
to appear for the duly scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720, 721 [2006]), and that the claims had been timely denied on that ground (see
St. Vincent's Hosp. of Richmond, 50 AD3d 1123; ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011
NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [2011]). Plaintiff
failed to raise a triable issue of fact in opposition. Contrary to the Civil Court's determination,
"appearance at an [EUO] is required whether the insurance company demands the [EUO] before
the claim form is submitted or after the claim form is submitted" (Stephen Fogel
Psychological, P.C., 35 AD3d at 721; LDE Med. Servs., P.C. v Interboro Ins. Co., 31 Misc 3d 146[A],
2011 NY Slip Op 50946[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Consequently, although the first EUO scheduling letter was mailed to the assignor before
defendant received plaintiff's first claim form, the scheduling letter was not a nullity
(id.).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 2, 2020