Prestige Med., P.C. v Metropolitan Prop. & Cas. Ins. Co. (2022 NY Slip Op
50591(U))

[*1]

Prestige Med., P.C. v Metropolitan Prop. & Cas. Ins. Co.

2022 NY Slip Op 50591(U) [75 Misc 3d 140(A)]

Decided on June 10, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 10, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-6 Q C

Prestige Medical, P.C., as Assignee of
Gibson, Thomas, Respondent, 
against
Metropolitan Property and Casualty Ins. Co., Appellant.

Bruno, Gerbino, Soriano & Aitken, LLP (Susan B. Eisner of counsel), for appellant.
Law Offices of Gabriel & Moroff, P.C. (Michael J. Poropat and Koenig Pierre of counsel),
for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Karina E.
Alomar, J.), entered July 30, 2020. The order denied defendant's motion for summary judgment
dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary
judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion which had sought summary
judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly
scheduled examinations under oath (EUOs).
Defendant established that the EUO scheduling letters had been properly mailed (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Contrary to the finding of the
Civil Court, the EUO scheduling letters, which identified the date of the accident and the
assignor, were not required to specify bills to which they pertained (see Longevity Med. Supply, Inc. v
Nationwide Ins., 69 Misc 3d 128[A], 2020 NY Slip Op 51133[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2020]; First Class Med., P.C. v Ameriprise Ins. Co.,63
Misc 3d 135[A], 2019 NY Slip Op 50477[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]; ARCO Med. NY, P.C. v Lancer
Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]). Defendant further established that plaintiff had failed to appear for
the duly scheduled EUOs (see Stephen
Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]) and that
defendant had timely mailed (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123) its
denial of claim forms denying the claims on that ground. In opposition, plaintiff failed to raise a
triable issue of fact.
Accordingly, the order is reversed and defendant's motion for summary judgment [*2]dismissing the complaint is granted.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 10, 2022