Regal Acupuncture, P.C. v Allstate Ins. Co. (2022 NY Slip Op 50604(U))

[*1]

Regal Acupuncture, P.C. v Allstate Ins. Co.

2022 NY Slip Op 50604(U) [75 Misc 3d 141(A)]

Decided on June 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DONNA-MARIE E. GOLIA, CHEREÉ
A. BUGGS, JJ

2020-189 K C

Regal Acupuncture, P.C., as Assignee of
Rahman, Younusur, Appellant, 
against
Allstate Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Abrams, Cohen & Associates, P.C. (Frank Piccininni of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered August 27, 2019. The order denied plaintiff's motion for summary
judgment and granted defendant's cross motion for summary judgment dismissing the
complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court denying plaintiff's motion for summary judgment and granting
defendant's cross motion for summary judgment dismissing the complaint.
Contrary to plaintiff's contention, the record reflects that defendant demonstrated, prima
facie, that the examination under oath (EUO) scheduling letters had been timely and properly
mailed (see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Contrary to plaintiff's
further contention, an "appearance at an [EUO] is required whether the insurance company
demands the [EUO] before the claim form is submitted or after the claim form is submitted" (Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720, 721 [2006]; see Longevity Med. Supply, Inc. v
Nationwide Ins., 69 Misc 3d 128, 2020 NY Slip Op 51133[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2020]; see
also PV Holding Corp. v AB Quality Health Supply Corp., 189 AD3d 645 [2020]; LDE Med. Servs., P.C. v Interboro Ins.
Co., 31 Misc 3d 146[A], 2011 NY Slip Op 50946[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]).
Plaintiff's remaining arguments are either not properly before this court, as they are being
raised for the first time on appeal, and we decline to consider them (see Joe v Upper Room Ministries, Inc.,
88 AD3d 963 [2011]; Gulf Ins. Co.
v Kanen, 13 AD3d 579 [2004]), or are moot.
Accordingly, the order is affirmed.
ALIOTTA, P.J., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2022